IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

INHALATION PLASTICS, INC.,  )
                            )
         Plaintiff,         )
                            )
    v.                      )   No. 06 C 6341
                            )
                            )
MEDEX CARDIO-PULMONARY, INC., )
                            )
         Defendant.         )

# MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Defendant Medex Cardio-Pulmonary, Inc.'s ("Medex") motion to dismiss. For the reasons stated below, we grant the motion to dismiss.

# BACKGROUND

Plaintiff Inhalation Plastics, Inc. ("IPI") alleges that in May 2002 it entered into a series of agreements with Medex ("IPI Agreements"), the purposes of which were for Medex to acquire IPI and its business. Under the IPI Agreements, Medex allegedly leased from IPI the machinery and equipment utilized by IPI in the manufacture and distribution of medical products. Medex also allegedly purchased

1

virtually all of IPI's other assets.  Under the IPI Agreements, Medex was allegedly required to make certain continuing payments to IPI, depending on the performance of the business purchased from IPI.  Medex allegedly began operations with the IPI business in Chicago, Illinois and disagreements allegedly arose between Medex and IPI regarding Medex's obligations under the IPI Agreements.

    In December 2004, Medvest Holdings Corporation ("Medvest"), the company that owned Medex, allegedly entered into an agreement to merge with a wholly owned subsidiary of Smiths Medical Holdco Limited ("Smiths Holdco") and to become a wholly owned subsidiary of Smiths Holdco.  Smiths Holdco allegedly owns a business, named Smiths Medical ASD ("Smiths Medical ASD"), that manufactures and sells medical devices.  According to IPI, after the formation of the merger agreement with Medvest, Medex gradually ceased its operations and distributed its product lines to Smiths Medical ASD.  Medex also allegedly attempted to assign to Smiths Medical ASD all of IPI's former assets and Medex's rights and obligations under the IPI Agreements.  IPI claims that it advised Medex that the assignments to Smiths Medical ASD violated some of the IPI Agreements such as the Asset Purchase Agreement ("Asset Purchase Agreement") and the Equipment Production Lease Agreement ("Production Lease Agreement").  IPI also claims Medex failed to honor its obligations under the IPI Agreements that required Medex to provide IPI with certain financial reports.  IPI brought the instant action and includes in its complaint a breach of written contract claim (Count I) and a breach of an oral contract claim (Count II).  Medex now moves to dismiss this action for

2

improper venue pursuant to Federal Rule of Civil Procedure 12(b)(3) ("Rule 12(b)(3)").

## LEGAL STANDARD

Rule 12(b)(3) provides that a party may move to dismiss an action when the action is not filed in the proper venue. Fed. R. Civ. P. 12(b)(3). A party seeking to invoke a forum selection clause to challenge venue should bring a motion to dismiss pursuant to Rule 12(b)(3). *Muzumdar v. Wellness Int'l. Network, Ltd.*, 438 F.3d 759, 760 (7th Cir. 2006).

## DISCUSSION

Medex argues that IPI's claims are based on an alleged breach of the Asset Purchase Agreement and that the agreement contains a forum selection clause that provides that Franklin County, Ohio is the proper venue for an action based on the agreement. IPI contends that Medex is bound by a forum selection clause in the Production Lease Agreement, which IPI claims makes Illinois a proper venue for the instant action.

I. Forum Selection Clause in the Asset Purchasing Agreement

Medex argues that the forum selection clause in the Asset Purchase Agreement provides that venue for actions relating to the agreement will proceed solely in Franklin County, Ohio. A court should enforce a forum selection clause

"where venue is specified with mandatory or obligatory language," but if the clause merely references an acceptable jurisdiction, the forum selection clause should not be enforced "unless there is some further language indicating the parties' intent to make venue exclusive." *Id.* at 762; *see also Paper Express Ltd. v. Pfankuch Maschinen GmbH*, 972 F.2d 753, 757 (7th Cir. 1992)(stating that "where venue is specified with mandatory or obligatory language, the clause will be enforced; where only jurisdiction is specified, the clause will generally not be enforced unless there is some further language indicating the parties' intent to make venue exclusive"). In the instant action, the Asset Purchase Agreement referenced in the complaint includes a forum selection clause that states the following:

> All actions or proceedings under or relating to this Agreement will be resolved in a state or federal court located in Franklin County, Ohio. . . .
> Each party hereby (I) agrees to submit to the jurisdiction of the federal and state courts located in Franklin, Ohio; (ii) agrees to appear in any such action; (iii) consents to the jurisdiction of such courts; and (iv) waives any objection it might have as to venue in any such court.

(Reply Ex. A, Sec. 8.4);(Ans. 1). The above provision of the Asset Purchase Agreement contains mandatory language, clearly indicating that actions based upon the agreement "will be resolved" solely in Franklin County, Ohio, and that such a venue is not simply one possible venue for such action. *Id.* Such language makes it clear that Franklin County, Ohio is not merely one of the possible venues available for an action relating to the Asset Purchase Agreement. Thus, the forum selection clause in the Asset Purchase Agreement is enforceable.

4

II. Waiver of Objection to Venue

　　　IPI argues that the court should not enforce the forum selection clause in the Asset Purchase Agreement because Medex has waived its right to object to Illinois as the proper venue for the instant action. In support of IPI's arguments, IPI points to the Production Lease Agreement referenced in the complaint, which states: "Lessor and Lessee consent to the jurisdiction of any local, state or federal court located within the State of Illinois, and waive any objection relating to improper venue or forum non conveniens to the conduct of any proceeding in any such court." (Reply Ex. B. Par. 27); (Ans. 5). IPI fails to cite any controlling precedent that is on point to support its waiver argument. IPI cites to non-controlling persuasive authority that examines the general ability of a party to waive an objection to venue, but the cited cases do not involve facts including multiple forum selection clauses such as in this case. (Ans. 5-7); *see, e.g., Nat'l Acceptance Co. of America v. Wechsler*, 489 F.Supp. 642, 646 n.3 (N.D. Ill. 1980). Although Medex consents in the Production Lease Agreement to venue in Illinois for actions based on the agreement, there is no language in the Production Lease Agreement indicating that Medex consents to IPI inserting additional claims and agreements into the action. Neither are there any facts in the complaint that indicate that Medex expressly waived its rights under the forum selection clause in the Asset Purchase Agreement or that indicate that the forum selection clause in the Production Lease Agreement was intended to trump the forum selection clause in the Asset Purchase Agreement. Thus, IPI has not shown that Medex has waived its objection to venue in Illinois for the instant action.

III.  Modification or Rescission of Forum Selection Clause

IPI argues that the forum selection clause in the Production Lease Agreement is the controlling provision regarding venue in the instant action, but IPI fails to present an explanation as to the effect of the binding agreement formed in the Asset Purchase Agreement.  Under IPI's position, the forum selection clause in the Asset Purchase Agreement, which is inconsistent with allowing venue in Illinois, would have necessarily been modified or rescinded in order to allow venue to be proper in Illinois.  IPI, however, has not presented any logical reason why Medex would have entered into the Asset Purchase Agreement contemporaneously with the Production Lease Agreement if the effect of the forum selection clause in Production Lease Agreement was to nullify the forum selection clause in the Asset Purchase Agreement.

IPI has the option to pursue an action based upon the Asset Purchase Agreement in Franklin County, Ohio.  Such a result would be consistent with both the Asset Purchase Agreement, which mandates such a venue, and with the Production Lease Agreement since the Production Lease Agreement does not preclude venue in states other than Illinois.  *See Echo, Inc. v. Whitson Co., Inc.*, 121 F.3d 1099, 1105 (7th Cir. 1997)(stating that a court should "interpret a contract as a whole" and "must try to give meaning and effect to each provision in the contract").  If IPI had not chosen to base this action in part upon the Asset Purchase Agreement or Medex had chosen to not assert its rights under the agreement relating to venue, then venue would be appropriate in Illinois under the Production Lease Agreement.

Medex, however, has asserted its rights under the Asset Purchase Agreement and there are no facts indicating that Medex intended to rescind or modify any obligations under the Asset Purchase Agreement.

IV. Master of Complaint

IPI, as the master of its complaint, chose to base its claims in the instant action, at least in part, upon a breach of the Asset Purchase Agreement. IPI is not bringing the instant action based solely upon an alleged breach of the Production Lease Agreement and thus cannot selectively focus only upon the forum selection clause in the Production Lease Agreement. The complaint includes references to the agreement formed between the parties relating to the sale of IPI's assets. (Compl. Par. 7). The complaint also contains specific references to the Asset Purchase Agreement and allegations that Medex breached the Asset Purchase Agreement. (Compl. Par. 18, 21). Since IPI chose to include the Asset Purchase Agreement within the scope of its claims in the instant action, IPI is bound by the mandatory language regarding venue in the Asset Purchase Agreement. IPI should not be surprised by such a result since IPI expressly agreed to such a venue in the Asset Purchase Agreement. As is indicated above, the Asset Purchase Agreement provides that "[a]ll actions or proceedings under or relating to [the agreement] will be resolved in a state or federal court located in Franklin County, Ohio. . . ." (Reply Ex. A, Sec. 8.4); (Ans. 1). Thus, Illinois is not a proper venue for the instant action. Therefore, based on the above analysis, we grant Medex's motion to dismiss.

## CONCLUSION

Based on the foregoing analysis, we grant Medex's motion to dismiss.

_____
Samuel Der-Yeghiayan
United States District Court Judge

Dated:   February 5, 2007